## The Oxford Finance Companies, Inc. v. Levco Corporation

*Frederick J. Lanshe, Lanshe & Lanshe,* for plaintiff.
*Milton Becket,* for defendants.

WIEAND, J., July 28, 1970.—A recitation of the history of these proceedings is essential to an understanding of defendants' motion to strike the judgment entered against them in this court.

On July 8, 1968, pursuant to the Uniform Enforcement of Foreign Judgments Act of December 22, 1965, P. L. 1157, 12 PS §921, et seq., the Prothonotary of Lehigh County accepted for recording a certification of judgment entered by confession in the Superior Court of New Jersey in and for Atlantic County. That judgment was in the amount of $75,000. It was in favor of plaintiff, Oxford Finance Companies, Inc., and against Levco Corporation, Howard J. Levitt, Annette Levitt, Michael J. Levitt and Janet Levitt. On September 11, 1968, plaintiff gave notice of taking depositions in aid of execution in accordance with the procedure set forth in Pa. R. C. P. 3117. Those depositions have not been completed.

On October 30, 1968, defendants filed a motion to strike the judgment entered in Lehigh County, asserting that plaintiff had failed to file an affidavit as required by section 3 of the Uniform Enforcement of Foreign Judgments Act, supra. On April 1, 1969, plaintiff filed such an affidavit and caused the judgment to be certified to Philadelphia County. We were advised at argument that in Philadelphia the judgment was made the basis for an attachment of

moneys payable to defendants as the result of a settlement in other litigation. Those funds are presently being held in escrow by counsel for the parties, pending determination of litigation concerning the validity of the judgment in New Jersey.

In New Jersey, a motion filed by defendants for relief from the summary judgment was denied by the Superior Court, Law Division, Atlantic County. A motion for rehearing was also denied. An appeal to the Appellate Division resulted in a brief, per curiam opinion and an order as follows:

"We reverse and remand the matter for a full hearing, the issues raised by the counterclaim to be heard first."

This opinion and order were alleged in an amended motion to strike filed in Lehigh County on March 10, 1970. It is this amended motion to strike which has been argued and which is presently before the court for determination. Although plaintiff has admitted the order and opinion entered by the Appellate Division of the Superior Court of the State of New Jersey, the parties are unable to agree about the meaning or effect of that order. Defendants argue that the effect of the order of reversal was to strike the judgment confessed in New Jersey. Plaintiff argues that the only effect of the order was to reverse the trial court's denial of defendants' motion for relief from the judgment and to remand that motion for hearing.

The judgment entered in New Jersey is entitled to full faith and credit in the courts of this State. Until that judgment has been declared invalid and stricken by the courts of New Jersey, this court will continue to recognize it. We will not attempt to predict what disposition the courts in that jurisdiction will make of defendants' motion for relief. The order which was entered by the New Jersey Appellate Division did not strike the judgment and did not declare it invalid or

improper. It merely remanded the case for hearing in view of those questions raised by defendants in their motion for relief and discussed by the court in its per curiam opinion. Under these circumstances, defendants' motion to strike the judgment entered in this court is premature and will be dismissed.

Because of the continuing litigation concerning the judgment in New Jersey, however, this court will stay any execution on the judgment in Lehigh County. This is in accord with the authority contained in section 4 of the Uniform Enforcement of Foreign Judgments Act, supra, 12 PS §924.

Defendants argue that a stay of execution will give them no relief from the attachment of moneys otherwise payable to them in Philadelphia. Why such relief should be requested from this court is not altogether clear. The validity of the judgment is being litigated in the courts of New Jersey and not in Lehigh County. The offending execution has issued out of the Court of Common Pleas of Philadelphia County, and this court cannot direct the disposition to be made of those proceedings. In brief, this court can neither determine the disputes which divide the parties nor interfere with proceedings pending in courts of proper jurisdiction. We can, however, and will, make certain that defendants are not prejudiced in Lehigh County while they litigate in other courts.

At the present time, no execution has issued on the judgment in Lehigh County. The judgment was certified to Philadelphia County, where execution proceedings resulted in the attachment of moneys payable to defendants in amounts adequate to satisfy the debt allegedly due plaintiff. An arrangement between counsel for the parties resulted in the establishment of an escrow account where such funds are being held pending a determination of the litigation in New Jersey. We are advised that subsequent to the estab-

lishment of that account, a portion of the alleged indebtedness was paid and a proportionate part of the escrow moneys released to defendants. Under these circumstances, we perceive no necessity for requiring additional security as a condition precedent to a stay of execution in the courts of this county.

### ORDER

And now, July 28, 1970, it is ordered that defendants' amended motion to strike that judgment which was certified from the Superior Court of the State of New Jersey and entered in this court to the above term and number, be and the same is hereby dismissed; provided, however, that execution on the judgment entered in this court shall be and is stayed pending final determination of defendants' motion for relief from the judgment entered in the Superior Court of the State of New Jersey.